IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM T. BERRY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, Acting | : | |
| Commissioner of Social Security[1] | : | NO. 15-5995 |

# ORDER

**AND NOW**, this 24th day of August, 2018, upon consideration of Plaintiff's "Brief and Statement of Issues in Support of Request for Review" (Docket No. 8), Defendant's Response thereto, Plaintiff's Reply Brief, Defendant's Surreply, the Report and Recommendation of United States Magistrate Judge David Strawbridge (Docket No. 20), and Plaintiff's Objections thereto (Docket No. 21), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.[2]

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Berryman is automatically substituted for the former Acting Commissioner, Carolyn Colvin. The continuation of this action is unaffected by the substitution. See 42 U.S.C. § 405(g).

[2] The Administrative Law Judge ("ALJ") in this case denied Plaintiff's request for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. The ALJ found at step two of the sequential analysis that Plaintiff suffered from certain severe impairments, including depressive disorder, the status of his right shoulder post-rotator cuff repair, and osteoarthritis of the right knee, as well as additional non-severe impairments, including hypothyroidism, his post-surgical status after renal cancer, and gastroesophageal reflux disease. The ALJ concluded, however, that Plaintiff had the residual functioning capacity ("RFC") to perform light work with certain limitations and, thus, was not disabled.

In his Request for Review, Plaintiff argues that (1) the ALJ improperly discounted opinions by treating providers that he believes should have resulted in a finding of disability; (2) neither the ALJ's RFC assessment nor the hypothetical asked of the vocational expert ("VE") included necessary limitations on his ability to work; and (3) new evidence that was not before the ALJ warrants remand. Magistrate Judge Strawbridge recommends that we deny the Request for Review. In his Objections, Plaintiff essentially repeats the arguments that he made in his Request for Review and asserts that the Magistrate Judge erred in rejecting them.

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)) (additional citation omitted)). While the ALJ's legal conclusions are subject to plenary review, Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citation omitted), we review *de novo* those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Plaintiff objects to the Magistrate Judge's recommendations that the ALJ did not err when she weighed the opinions of the medical providers and that substantial evidence supported her RFC determination. Specifically, Plaintiff argues that the Magistrate Judge's recommendations were erroneous because: (1) the ALJ failed to recite certain mental status findings by Plaintiff's treating psychotherapist; (2) the ALJ improperly discounted Plaintiff's symptoms of depression; (3) the ALJ improperly relied on Plaintiff's GAF score in weighing the psychotherapist's opinion; (4) the ALJ gave excessive weight to the mental health opinions of non-treating psychologists; and (5) the ALJ improperly discounted the opinion of Plaintiff's primary care physician. In making these arguments, Plaintiff merely points to the same record evidence on which he relied in advancing these arguments to the Magistrate Judge, and which the Magistrate Judge carefully considered and analyzed. Upon our own thorough *de novo* review of the record, we reach the same conclusion as the Magistrate Judge, i.e., that the ALJ carefully weighed each opinion in the record in accordance with her obligations under the Social Security regulations. See 20 C.F.R. § 404.1527(c). Moreover, the ALJ detailed her reasons for giving limited weight to the opinions of the treating providers, often noting that the opinions were simply not supported by the providers' own treatment records. (See R. 48-49.) Under these circumstances, the Magistrate Judge correctly recommended that the ALJ did not err in her assessment of the opinions in the record, and that substantial evidence supported her RFC determination. We therefore overrule Plaintiff's objection to this aspect of the Report and Recommendation ("R&R").

Plaintiff next objects to the Magistrate Judge's recommendation that the RFC finding and the hypothetical question to the VE adequately incorporated and accounted for Plaintiff's moderate difficulties in concentration, persistence and pace when the RFC and VE question restricted Plaintiff to "simple one to two step work, that is low stress defined as routine in nature." (R. 43.) Plaintiff relies on Ramirez v. Barnhardt, 372 F.3d 546, 554-555 (3d Cir. 2004), to argue that the ALJ's finding that Plaintiff has moderate limitations in concentration, persistence and pace is not adequately accounted for in the VE hypothetical or the RFC determination. However, under the law in this Circuit, hypothetical questions that include a limitation to "simple" and "routine" tasks properly account for moderate limitations in concentration, persistence and pace. See McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008); id. at 946 n.10 (distinguishing Ramirez, where the claimant "'*often* suffered from deficiencies in concentration, persistence, or pace'" (quoting Ramirez, 372 F.2d at 554)). We therefore overrule Plaintiff's objection grounded on Ramirez.

2

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

---

Plaintiff also objects to the Magistrate Judge's recommendation with respect to the limitations in the ALJ's RFC finding, on the ground that the opinions of the non-treating psychologists included limitations that were not reflected in the RFC finding. However, as the Magistrate Judge correctly explained, the moderate limitation in Plaintiff's ability to respond appropriately to changes in the work setting (R. 48) was sufficiently accommodated by the RFC's restriction to work that is low stress and routine. And, while a second psychologist's opinion referenced Plaintiff's capacity to perform production-oriented jobs (R. 104), it did not limit Plaintiff to production-oriented jobs, and therefore the ALJ was not required to include such a limitation in her RFC finding. We therefore overrule Plaintiff's objection to this aspect of the R&R.

In his last objection, Plaintiff argues that the Magistrate Judge erred in recommending that a remand was not required for the consideration of new evidence. Remand is appropriate only when there is "a showing that there is new evidence which is material." 42 U.S.C. § 405(g). To be material, evidence must "relate to the time period for which benefits were denied," and must not merely show "the subsequent deterioration of [a] previously non-disabling condition." Newhouse v. Heckler, 753 F.2d 283, 287 (3d Cir. 1985) (quotation omitted). Plaintiff argues, as he did before the Magistrate Judge, that records of Plaintiff's treatment for his mental health condition (R. 338) and treatment for lumbar radiculopathy (R. 10-26), both of which occurred after the ALJ's decision, require remand. We agree with the Magistrate Judge's assessment that they do not. The new mental health evidence on which Plaintiff relies reflects a deterioration in his mental health condition after the ALJ's decision, but is not material evidence of his mental health condition during the relevant period for which benefits were adjudicated. Similarly, the documentation of lumbar radiculopathy is evidence of a deterioration in Plaintiff's lower back pain, but is not material evidence of the condition of his back during the relevant period. We therefore overrule Plaintiff's objection concerning the lack of remand, and we adopt and approve the Magistrate Judge's R&R in its entirety.